

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SALVADOR JIMENEZ-GARCIA, GERARDO
GONZALEZ-JIMENEZ, ALEJANDRO JUAN-
PEREZ, JUAN ANTONIO-MALDONADO and
GILBERTO MORENO-MENDO,

Plaintiffs,

-vs-                                                                    Case No. 2:01-cv-539-FtM-31SPC

SORRELLS BROTHERS PACKING COMPANY,
INC.,

Defendants.
_____

**REPORT AND RECOMMEDATION**

This matter comes before the Court on the Plaintiffs Gerardo Gonzalez-Jimenez, Alejandro Juan-Oerez, Refael Juan-Perez and Gilberto Moreno-Mendo's Motion for Attorney's Fees and Costs (Doc. # 116) filed on February 19, 2004, and the Plaintiffs Ruben Gomez-Ortiz and Juan Antonio-Maldando's Motion for an Award of Costs (Doc. # 119) filed on February 20, 2004. In an Order issued March 12, 2004, (Doc. # 125) the District Court denied the Plaintiff's Motions for Attorney's Fees and Costs under Florida Statute § 448.08. Therefore, all that remains for consideration before this Court is the award of costs under 28 U.S.C. § 1920.

On March 30, 2004, the Court held a hearing on the issue of the remaining cost in an attempt to reach a settlement agreement. The hearing and subsequent settlement discussions resulted in an impasse and the Court asked the parties to submit briefs regarding the remaining costs. The Plaintiffs

filed their briefs on April 12 and 14, 2004. The Defendant chose to rely on the arguments set forth in its earlier brief filed in response to the original motion for fees and costs. The issue is now ripe for a ruling by the Court.

Certain costs are taxable under 28 U.S.C. § 1920. The Statute reads in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the Clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of paper necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In exercising its discretion the Court is accorded great latitude in ascertaining what costs are taxable. McKenzie v. EAP Management Corp., 1999 WL 1427707 * 1 (S.D. Fla. Sept. 30, 1999). However, because the taxing of costs to the prevailing party is in derogation of the common law, the Court is limited to allowing only those costs that are specifically enumerated in the statute. Zunde v. Int'l Paper Co., 2000 U.S. Dist. LEXIS 14754 * 13 (M.D. Fla. July 20, 2000); *See* Lockett v. Hellenic Sea Transports, Ltd., 60 F.R.D. 469, (D.C. Pa. 1973) (holding §1920 terms for awarding cost to the prevailing party must be strictly construed).

*(1) Claims by Gerardo Gonzalez-Jimenez, Alejandro Juan-Oerez, Refael Juan-Perez and*

*Gilberto Moreno-Mendo's for Costs*

Admission of a deposition into evidence or use during cross examination tends to show that the deposition was necessarily obtained. United States Equal Employment Opportunity Commission v. W & O, Inc., 213 F. 3d 600, 621 (11th Cir. 2000). The depositions of Alejandro Juan-Perez,

Gerardo Gonzalez-Jimenez, Rafael Juan-Perez and Raul Torres-Rodriquez, were received into evidence at trial and the deposition of German Figueroa-Cardona was used at trial for cross examination purposes. Further, the Defendant concedes that the depositions of Alejandro Barragan and Berthina Cervantes are properly taxed as costs. Thus, the Plaintiffs have established that the depositions were necessarily obtained for use in this case and the Court respectfully recommends that those costs be awarded.

The Defendant objects to the Plaintiffs submission of charges for interpreters services as not necessarily obtained for use in this case. Under section six of the statute, compensation of interpreter services, not including expenses that are not directly related to the interpreter's services, are taxable as costs. 28 U.S.C. § 1920(6). The interpreters services are directly related to the depositions that were used either in evidence or for cross examination purposes. Further, the Plaintiff voluntarily removed the expenses related to the interpreter's travel time, per diem, transportation and lodging, leaving only the charges for the interpreter's services. Therefore, the claim for interpreter's fees is warranted and the Court respectfully recommends the Motion for interpreter's costs should be granted.

### (2) Claims by Ruben Gomez-Ortiz and Juan Antonio-Maldonado for Costs

The Plaintiff objects to paying the costs incurred in copying condensed deposition transcripts of Judy Strictland, Eulalio Valerio, Plaintiff Ruben Gomez and the deposition transcript of Walter Kates. Whether or not the condensed copies should be taxable as costs hinges upon whether or not the copies were reasonably necessary for use in this case. W & O, Inc., 213 F. 3d at 621(citing U. S. v. Kolesar, 313 F.2d 835, 840 (5th Cir. 1963)). The costs for Valerio's original deposition and a condensed copy were already paid by the Defendant as part of the settlement agreement. Therefore,

the Defendant should not have to pay again for the costs of Valerios' condensed deposition transcript.

As to the copying costs for the condensed depositions of Strickland and Ortiz, the Plaintiff argues against taxing those condensed copies as costs because the costs of the original transcript and one copy were already paid in the settlement agreement. However, the District Court requested condensed copies in the pretrial order for the Court's use during the trial. Taking into consideration the District Court's order for condensed transcript copies for trial, the Court must conclude that the condensed copies were reasonably necessary for use at trial. Thus, the costs of copying Strictland and Ortiz's condensed depositions are taxable as costs under section four of the statute. W & O, Inc., 213 F. 3d at 621.

Regarding the costs of the deposition of Walter Kates, the Defendant objects to the costs because his testimony was not related to the communications that took place between the parties that led to the Plaintiff's termination. Nonetheless, Kates' did testify at trial, and therefore, the presumption is that the deposition was necessarily obtained for use at trial. Id.

The Plaintiff also objects to taxing the witness fees and costs for Teresa McNulty. McNulty was expected to be called as a witness to authenticate the Plaintiff's employment records. The Defendant objects to McNulty's fees and costs because she was not actually called to testify at trial. However, fees and costs of non-testifying witnesses may be recovered if the witness' presence at the trial was reasonably necessary and extrinsic circumstances rendered the testimony unnecessary. George v. GTE Directories, Inc., 114 F. Supp. 2d 1281, 1299-1300 (M.D. Fla. 2000). The Defendant changed its strategy at trial and chose not to call any witnesses to authenticate its own employment records. Therefore, extrinsic circumstances rendered McNulty's testimony unnecessary, but the

taxation of McNulty's witness fee and travel costs are still proper under section three of the statute. <u>Zunde</u>, 2000 U.S. Dist. LEXIS 14754 at * 15. Thus, the Court respectfully recommends that the Plaintiffs Motion be granted except for the Motion for the costs incurred in copying Valerio's condensed deposition transcript.

Pursuant to 28 U.S.C. § 1920 a bill of costs was filed by the Plaintiffs as an attachment to each Plaintiff's Motion for fees and costs.

Accordingly, it is now

**RECOMMENDED:**

(1) The Plaintiffs Gerardo Gonzalez-Jimenez, Alejandro Juan-Oerez, Refael Juan-Perez and Gilberto Moreno-Mendo's Motion for Attorney's Fees and Costs Under 28 U.S.C. § 1920 (Doc. # 116) be **GRANTED.**

(a) It is respectfully recommended that the Defendant pay **$4,038.80** in fees of the court reporter for all or any part of the transcripts necessarily obtained for use in the case.

(b) It is respectfully recommended that the Defendant pay **$1,036.00** in costs for compensation of interpreters services.

(c) It is respectfully recommended that the Clerk be directed to enter judgement against Sorrells Brothers Packing Inc. for a total award in fees and costs of <u>**$5, 074.80.**</u>

(2) The Plaintiffs Ruben Gomez-Ortiz and Juan Antonio-Maldando's Motion for an Award of Costs Under 28 U.S.C. § 1920 (Doc. # 119) should be **GRANTED in part and DENIED in part.** Therefore, it is respectfully recommended that the Plaintiff's Motion for copying costs for a condensed of copy of Eulalio Valerio's deposition should be **DENIED.** Otherwise it is respectfully recommended that the Plaintiff's Motion for costs under 28 U.S.C. § 1920 be **GRANTED.**

(a) It is respectfully recommended that the Defendant pay **$383.00** in fees of the court reporter for the deposition transcript of Walter Kates.

(b) It is respectfully recommended that the Defendant pay **$236.50** in fees for the condensed transcript of Ruben Gomez-Ortiz.

(c) It is respectfully recommended that the Defendant pay **$60.00** in fees for the condensed copy of the transcript of Judy Strickland.

(d) It is respectfully recommended that the Defendant pay **$40.00** in witness fees **$31.62** in travel expenses **(total $71.62)** for the appearance of Teresa McNulty.

(e) It is respectfully recommended that the Clerk be directed to enter judgement against Sorrells Brothers Packing Inc. for a total award in fees and costs of **$751.12**.

**DONE AND ORDERED** at Fort Myers, Florida, this 22nd day of April, 2004.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:

Counsel of record
Presiding District Judge
DCCD

F I L E   C O P Y

Date Printed: 04/23/2004

Notice sent to:

    Kristina Rowe, Esq.
    Florida Rural Legal Services, Inc.
    106 S. 2nd St.
    P.O. Box 1109
    Immokalee, FL   34142

    2:01-cv-00539     sll

    Raul Canela Pardo, Esq.
    Florida Rural Legal Services, Inc.
    200 S. Indian River Dr., Suite 101
    P.O. Box 4333
    Ft. Pierce, FL   34948-4333

    2:01-cv-00539     sll

    Christine Elizabeth Larson, Esq.
    Florida Rural Legal Services
    3210 Cleveland Ave., Suite 101
    P.O. Box 219
    Fort Myers, FL   33902-0219

    2:01-cv-00539     sll

    Lisa Jeanne Butler, Esq.
    Florida Rural Legal Services
    3210 Cleveland Ave., Suite 101
    P.O. Box 219
    Fort Myers, FL   33902-0219

    2:01-cv-00539     sll

    Gregory Scott Schell, Esq.
    Migrant Farmworker Justice Project
    Florida Legal Services
    508 Lucerne Ave.
    Lake Worth, FL   33460

    2:01-cv-00539     sll

    David J. Stefany, Esq.
    Allen, Norton & Blue, P.A.
    324 S. Hyde Park Ave., Suite 350
    Tampa, FL   33606

    2:01-cv-00539     sll