# United States Court of Appeals
For the Eleventh Circuit

FILED

2005 FEB 23 PM 1: 04

CLERK
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

Nos. 04-12748 & 04-13424

District Court Docket No.
01-00539-CV-FTM-31-SPC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Dec 28, 2004

THOMAS K. KAHN
CLERK

SALVADOR JIMENEZ-GARCIA, et al.,

Plaintiffs,

RUBEN GOMEZ-ORTIZ,
GERARDO JIMENEZ-GONZALEZ,
ALEJANDRO JUAN-PEREZ,
RAFAEL JUAN-PEREZ,
JUAN ANTONIO-MALDONADO,
GILBERTO MORENO-MENDO,

Plaintiffs-Appellants,

versus

SORRELLS BROTHERS PACKING COMPANY, INC.,

Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeals from the United States District Court
for the Middle District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
FEB 1 8 2005
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    December 28, 2004
For the Court: Thomas K. Kahn, Clerk
By:    Jackson, Jarvis

**CORRECTED** [DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2004
THOMAS K. KAHN
CLERK
```

Nos. 04-12748 & 04-13424
Non-Argument Calendar

---

D. C. Docket No. 01-00539-CV-FTM-31SPC

SALVADOR JIMENEZ-GARCIA, et al.,

Plaintiffs,

GERARDO JIMENEZ-GONZALEZ,
ALEJANDRO JUAN-PEREZ,
RAFAEL JUAN-PEREZ,
GILBERTO MORENO-MENDO,

Plaintiffs-Appellants,

versus

SORRELLS BROTHERS PACKING COMPANY, INC.,

Defendant-Appellee.

---

Appeals from the United States District Court
for the Middle District of Florida

---

(December 28, 2004)

Appeals from the United States District Court
for the Middle District of Florida

(DECEMBER 28, 2004)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

The plaintiff/appellants are four Mexican nationals who came to the United States pursuant to the federal H-2A nonimmigrant temporary worker program in order to harvest oranges for defendant/appellee Sorrells Brothers Packing Company, Inc. during the 1999-2000 harvest season. Sorrells was unhappy with the plaintiffs' productivity and dismissed them shortly after they began working. The plaintiffs sued Sorrells claiming that it breached a provision in the employment contract that guaranteed the worker be offered employment for at least three-fourths of the workdays in the total period of the work contract. The district court found that Sorrells had violated this provision and that the plaintiffs were entitled to that guaranteed pay.

The plaintiffs then filed a motion for costs and fees pursuant to Florida Statutes § 448.08, which allows for costs and attorney's fees in actions for unpaid wages. The district court denied that motion, holding that the underlying action

was not for "unpaid wages" as that term is defined under Florida law. This is the plaintiffs' appeal from that decision.

The facts as they relate to the issue in this case are not in dispute. The employment relationship between Sorrells and each worker was governed by an employment contract, known as a clearance order contract. Each clearance order contract contained the following provision, known as a "three-fourths guarantee":

> The employer will guarantee to offer the worker employment for at least three-fourths of the workdays of the total periods during which the work contract and all extensions thereof are in effect, beginning with the first workday after the arrival of the worker at the place of employment and ending on the expiration date specified in the work contract or in its extensions, if any. If the employer affords the worker during the total work contract period less employment than required under this work guarantee, the employer shall pay such worker the amount which the worker would have earned had the worker, in fact, worked for the guaranteed number of days.[1]

After the plaintiffs prevailed in demonstrating that the Sorrells violated this provision, they filed a motion for costs and attorney fees pursuant to Fla. Stat. § 448.08.

Section 448.08 states: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Fla. Stat. § 448.08. The sole issue is whether the suit against Sorrells for breaching the

---

[1] This provision was included in order to comply with 20 C.F.R. § 655.102(b)(6), a Department of Labor regulation that requires workers in this kind of employment relationship to have a "three-fourths guarantee."

3

"three-fourths guarantee" was an "action for unpaid wages." The district court decided, based on Florida law, that it was not.

The district court's decision not to grant costs and fees under § 448.08 was based entirely on an interpretation of state law, and so our review of that decision is de novo. See Davis v. Nat'l Med. Enters., Inc., 253 F.3d 1314, 1318–19 (11th Cir. 2001). Because we are dealing with Florida substantive law, "we must decide the case the way it appears the Florida Supreme Court would decide it. In the absence of any Florida Supreme Court decisions close enough on point, we look to decisions of the Florida intermediate appellate courts and follow them unless there is some really persuasive indication that the Florida Supreme Court would go the other way." KMS Rest. Corp. v. Wendy's Int'l, Inc., 361 F.3d 1321, 1325 (11th Cir. 2004).

It is "a well-established rule in Florida that statutes awarding attorney's fees must be strictly construed." Dade County v. Pena, 664 So. 2d 959, 960 (Fla. 1995). In line with that reasoning, § 448.08 "applies to actions to recover accrued but unpaid wages, and does not apply in an action for breach of an employment contract where the damages are unaccrued wages." Joseph v. Commonwealth Land Title Ins. Co., 707 So. 2d 376, 377 (Fla. 5th DCA 1998). In other words, Florida law requires that, for § 448.08 to apply, the unpaid wages at issue be

4

accrued. Id.

In order for unpaid wages to be accrued, the wages must have been "due and owing" and the employer failed to pay them. Davis, 253 F.3d at 1321; see also Pena, 664 So. 2d at 960 (stressing the necessity that the action be for "back wages" in order for § 448.08 to apply); Coffie v. Dist. Bd. of Trs., Miami-Dade Cmty. Coll., 739 So. 2d 148, 149 (Fla. 3d DCA 1999) (holding that wages were accrued where the plaintiff was promised an additional salary based on performing additional duties and the higher salary was not paid even though the additional duties were performed); Commonwealth Land Title, 707 So. 2d at 377 (holding that wages are not accrued where the employer breached a contract to employ a worker for three years by discharging him after three months); Woods v. United Indus., Corp., 596 So.2d 801, 802 (Fla. 1st DCA 1992) (holding that unpaid severance was accrued where entitlement to severance pay was based on the time the employee was working for the company). In the cases where § 448.08 has been held to apply, the employee had already done the work that entitled them to the wages—that is what made the wages accrue. See generally id.

The Commonwealth Land Title case is most analogous to the present situation. In that case, the employer agreed in the contract to employ the worker for three years. Commonwealth Land Title, 707 So.2d at 377. After three months,

5

the employer discharged him. Id. In that case, the Florida appellate court held that, "because Joseph was suing for money that allegedly would have been due him had his employment not been terminated, that is, for unaccrued wages, . . . the [lower] court erred in applying the statute." Id. Joseph was suing for wages based on something other than work he had done.

The present situation is much like Commonwealth Land Title. The plaintiffs sued for money due to them, but not because of work they had done. In such an action, the wages have not accrued, and § 448.08 does not apply.[2] See id. Florida law dictates that the plaintiffs are not entitled to costs and attorney's fees under § 448.08.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

[2] The plaintiffs argue that Joseph v. Okeelanta Corp., 656 So. 2d 1316 (Fla. 4th DCA 1995), suggests that this is an action for unpaid wages within the meaning of § 448.08. The plaintiffs' reliance on Okeelanta is misplaced. The Okeelanta decision held that the plaintiff's action, based on the employer's breach of a "three-fourths guarantee" like the one at issue here, was an action for unpaid wages for the purpose of determining the applicable statute of limitations. 656 So. 2d at 1319.

The plaintiffs contend that because the Okeelanta court called that situation an action for unpaid wages for purposes of the statute of limitations, we should assume that they would have done the same for purposes of § 448.08. We cannot make this assumption. We appreciate that the statutes share a common term, but that does not mean they necessarily share the same definition. Okeelanta was construing a statute of limitations, not a statute providing for attorney fees, so the court was not dealing with the "well-established rule in Florida that statutes awarding attorney's fees must be strictly construed." Pena, 664 So. 2d at 960. Neither was the court in Okeelanta affected by the very restrictive definition of "unpaid wages" under § 448.08 that has developed under Florida law. The Okeelanta court had no occasion whatsoever to decide whether that action qualified as an action for unpaid wages under § 448.08, and so that decision does not change our analysis.

6

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

JAN 10 2005

Salvador Jimenez-Garcia, et al.
_____
Appellant

vs.

Sorrells Brothers Packing Company, Inc.,
_____
Appellee

Case No. 04-12748-BB
(consolidated with 04-13424-BB)

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10 2005
THOMAS K. ...

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | X | | 34 | 14 | 476 | $71.40 | 66.30 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | TOTAL | $ 71.40 | $ 66.30 |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | | REQUESTED | ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: January 7, 2005           Signature: _____

Attorney for: Sorrells Brothers Packing Company, Inc.
(Type or print name of client)

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ 66.30 against appellant
and are payable directly to appellee

Thomas K. Kahn, Clerk

FEB 1 8 2005

Issued on: _____     By: _____
                                    Deputy Clerk

MISC-12
(Rev. 12/98)